UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER WARREN,<br><br>       Plaintiff,<br><br>   vs.<br><br>MANAGEMENT AND TRAINING CORPORATION, et al.,<br><br>       Defendants. | 1:16-cv-00849-LJO-GSA-PC<br><br>ORDER RE PLAINTIFF'S NOTICE OF DISMISSAL<br>(ECF No. 16.)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE, UNDER RULE 41<br><br>ORDER FOR CLERK CLOSE CASE |

      Christopher Warren ("Plaintiff") is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff filed the Complaint commencing this action on June 20, 2016. (ECF No. 1.)

      On October 11, 2016, Plaintiff filed a motion to voluntarily dismiss this case. (ECF No. 16.) The Court construes Plaintiff's motion as a notice of dismissal under Rule 41(a)(1). In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are

1

the subjects of the notice. <u>Concha</u>, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u> <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997). In this case, no other party except Plaintiff has made an appearance in this action. Therefore, Plaintiff's notice of dismissal is effective, and this case is dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for voluntary dismissal of this action, filed on October 11, 2016, is construed as a notice of dismissal under Rule 41(a)(1);

2. Plaintiff's notice of dismissal is effective as of the date it was filed;

3. This case is dismissed, without prejudice, under Rule 41(a)(1);

4. All pending motions are denied as moot; and

5. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated:   **October 13, 2016**            /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE